UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JARED ANTHONY WINTERER, a.k.a. JARED ANTHONY ROSE, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, COUNTY OF KITTITAS and KITTITAS COUNTY CORRECTIONS CENTER, <br><br> Defendants. | NO: 1:16-CV-3171-RMP <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS |

BEFORE THE COURT is Plaintiff's First Amended Complaint, ECF No. 19, and various motions, ECF Nos. 24, 25, 26 and 28. Plaintiff, a prisoner housed at the Kittitas County Correction Center in Ellensburg, Washington, is proceeding *pro se* and *in forma pauperis*. The Court has not directed that this action be served on Defendants, but Attorney Heather C. Yakely has entered a notice of appearance on behalf Kittitas County Correction Center, Kittitas County Superior Court and Lower Kittitas County District Court. ECF No. 20.

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS -- 1

1   By Order filed November 21, 2016, the Court advised Plaintiff of the
2   deficiencies of his complaint and directed him to amend or voluntarily dismiss.
3   ECF No. 16. Plaintiff chose to amend. Liberally construing the First Amended
4   Complaint in the light most favorable to Plaintiff, the Court finds that he has failed
5   to cure the deficiencies of the initial complaint.

6                          **AMENDED COMPLAINT**

7   As a general rule, an amended complaint supersedes the original complaint
8   and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927
9   (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint
10  which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814
11  F.2d 565, 567 (9th Cir. 1987)(citing *London v. Coopers & Lybrand,* 644 F.2d 811,
12  814 (9th Cir. 1981))*,* overruled in part by *Lacey,* 693 F.3d at 928 (any claims
13  voluntarily dismissed are considered to be waived if not repled). Furthermore,
14  Defendants not named in an amended complaint are no longer defendants in the
15  action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Consequently,
16  **IT IS ORDERED** Defendants Kittitas County Superior Court and Lower Kittitas
17  County District Court shall be **TERMINATED** from this action and Defendants
18  State of Washington and Kittitas County shall be **ADDED.**
19  Plaintiff named only three Defendants in the caption of the First Amended
20  Complaint, and yet he lists additional persons in the body of his complaint,
21  including the Attorney General of Washington, Paula Hoctor as Commander of the

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS -- 2

Kittitas County Corrections Center, and various County Court Administrators. Because these individual were not named in the caption of the First Amended Complaint, they are not proper parties to this action.

Plaintiff must name all defendants in the caption of his complaint (an amended complaint supersedes the initial complaint). *See Ferdik v. Bonzelet,* 963 F.2d at 1262. Failing to name all Defendants in his complaint denies the court jurisdiction over the unnamed Defendants. Fed. R. Civ. P. 10(a), *accord United States of America v. Tucson Mechanical Contracting Inc.*, 921 F.2d 911, 914 (9th Cir. 1990). Regardless, Plaintiff has failed to present any facts from which the Court could infer a plausible claim for relief against any of these persons.

## KITTITAS COUNTY CORRECTIONS CENTER

Section 1983 provides a cause of action against any "person" who, under color of law, deprives an individual of federal constitutional or statutory rights. 42 U.S.C. § 1983. The term "person" includes local governmental entities, *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002), but does not encompass municipal or county departments. *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring)(municipal police departments and bureaus are generally not considered "persons" within the meaning of section 1983). Therefore, a county correctional facility is not a proper Defendant to this action. Accordingly, **IT IS ORDERED** Plaintiff's claims against Kittitas County Corrections Center are **DISMISSED**. The Clerk of Court

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS -- 3

shall **TEMRINATE** Defendant Kittitas County Corrections Center from this action.

## STATE OF WASHINGTON

Plaintiff names the State of Washington as a Defendant. A state, however, is not a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Consequently, "§ 1983 creates no remedy against a State." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Therefore, Plaintiff's section 1983 claims against the State of Washington are legally frivolous and subject to dismissal. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), superseded by statute on other grounds as stated in *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, **IT IS ORDERED** Plaintiff's claims against the State of Washington are **DISMISSED** and the Clerk of Court shall **TERMINATE** Defendant State of Washington from this action.

## COUNTY OF KITTITAS

County of Kittitas may be considered a "person" and therefore, a proper defendant under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hammond v. Cty. of Madera*, 859 F.2d 797, 801 (9th Cir. 1988). County of Kittitas, however, may be held liable under § 1983 only where Plaintiff alleges facts to show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the County, or a "final decision maker" for the

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS -- 4

County.  *Monell*, 436 U.S. at 690; *Bd. of the Cty. Comm'rs v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995).  Because "respondeat superior and vicarious liability are not cognizable theories of recovery against a municipality," *Miranda v. Clark Cty., Nevada*, 279 F.3d 1102, 1109-10 (9th Cir. 2002), "a *Monell* claim exists only where the alleged constitutional deprivation was inflicted in 'execution of a government's policy or custom.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

Here, Plaintiff has failed to adequately allege that County of Kittitas engaged in a pattern or practice that resulted in the deprivation of his constitutional rights.  Contrary to his bald assertions, Plaintiff has provided no facts from which the Court could infer that the Kittitas County government has failed to properly train its employees resulting in a constitutional injury to Plaintiff.

## PLAINTIFF'S ALLEGATIONS

Plaintiff contends that the State of Washington failed to provide treatment for a brain injury Plaintiff suffered while he was in high school, apparently in 2004.  Plaintiff asserts that his cognitive, muscle and sexual dysfunctions limit his actions and restrict his behaviors. He claims that since turning 18 in 2006, the State of Washington and County of Kittitas have "manipulated" his "serious health needs" to incriminate and incarcerate Plaintiff.  Plaintiff contends that "simple medical treatment" might have prevented his 45 criminal charges and his 1500 days of incarceration.  ECF No. 19 at 5.  Plaintiff has presented no facts from

which the Court could infer that the State of Washington could be held liable for Plaintiff's behavior.

Plaintiff claims that appointed counsel have not assisted him in asserting his "health issues" to the courts. He contends that the courts have always imposed excessive bail and he has not received adequate treatment for his "humiliating dysfunctions" while incarcerated at the Kittitas County Corrections Center. ECF No. 19 at 6. Plaintiff provided no factual support for his contentions.

Plaintiff asserts that various institutions, including state hospitals and the Department of Corrections, have been deliberately indifferent to his serious medical needs by not treating his dysfunctions which are secondary to his earlier head trauma. Plaintiff complains that he has been unable to get a prescription refill of depo testosterone. He states that he suffers from hypogonadism, which is secondary to the head trauma. Plaintiff claims he has gone to state owned hospitals since 2004, but has not been rehabilitated or medicated for the head trauma. ECF No. 19 at 6-7. Plaintiff has failed to present facts from which the Court could infer that the State of Washington is liable for Plaintiff's conditions.

Plaintiff contends that between July 5, and July 12, 2014 (seven days), between July 15, and July 29, 2014 (fourteen days), between September 25, and November 10, 2014 (fourteen days), between November 10, and November 24, 2014 (fourteen days), and between December 1, 2014, and February 3, 2014 (sixty four), he was housed in a special cell designed for punishment at the Kittitas

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS -- 6

1  County Corrections Center.  ECF No. 19 at 7. Plaintiff does not state who
2  authorized this placement or any facts from which the Court could infer that he
3  was placed in segregated confinement without due process of law. *Mitchell v.*
4  *Dupnik*, 75 F.3d 517, 524 (9th Cir. 1996).  Governmental restrictions would be
5  permissible if they served legitimate purposes of maintaining order and security.
6  *United States v. Salerno*, 481 U.S. 739, 748 (1987).

7  Plaintiff appears to allege this confinement precipitated Alford pleas to
8  misdemeanors on January 8, 2015, and an Alford plea to a felony on February 2,
9  2015.  Plaintiff claims he was denied running water, recreation time, visits,
10 bedding, correspondence or communication with counsel while in that "special
11 cell." ECF No. 19 at 7.  He does not state the reasons for these restrictions.  In any
12 event, if Plaintiff wishes to challenge his pleas in federal court, he would have to
13 file a petition for writ of habeas corpus, but only after he has exhausted available
14 state court remedies.

15 Plaintiff appears to be challenging the issuance of a "no contact order" on
16 June 18, 2014.   Plaintiff contends that this lead to "false incrimination and over a
17 year incarcerat[ion]." ECF No. 19 at 7.  Once again, if Plaintiff wishes to
18 challenge the fact or duration of his incarceration, he must file a petition for writ of
19 habeas corpus after he has exhausted available state court remedies. *See Preiser v.*
20 *Rodriguez*, 411 U.S. 475, 487-90 (1973).
21

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING
PENDING MOTIONS -- 7

Plaintiff contends that "the government in general, federal, state, and county, executive and judicial, owes [him] for ruining over 10 years of [his] life." He asserts that he hasn't been "able to experience and develop a life because Washington state cops, courts, jails and prisoners, being careless." ECF No. 19 at 7. Once again, Plaintiff's conclusory assertions provide no basis for a finding of liability.

## STATUTE OF LIMITATIONS

Although Plaintiff asks this Court to "waive" the statute of limitations and entertain claims arising prior to three years before his filed his initial complaint in this action, he has presented no facts which would authorize the tolling of the limitations period. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991); *see also Millay v. Cam*, 135 Wash.2d 193, 955 P.2d 791, 797 (1998) ("The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff.").

Regardless, Plaintiff's assertions that he has endured cruel and unusual punishment in the Kittitas County Corrections Center since 2011, without any supporting facts, is insufficient to state a claim upon which relief may be granted. Plaintiff indicates that he was confined at the Kittitas County Corrections Center between February 24, 2014, and February 3, 2015, before being transferred to prison, and then between March 21, 2016, and the date he submitted his First Amended Complaint on December 6, 2016. ECF No. 19 at 8. Plaintiff does not

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS -- 8

support his conclusory assertion of "excessive and humiliating punishment," with facts from which the Court could infer persons identified as Defendants violated Plaintiff's constitutionally protected rights.

**FURTHER ALLEGATIONS**

Plaintiff asserts that he is "punished with the same dysfunctions that cause crime." He claims they are medically treatable, but he has been denied treatment, although his dysfunctions are "noticeable to a lay person." He contends that his cognitive dysfunctions, along with the ineffectiveness of counsel, have been used to obtain guilty pleas since 2009, and include those made for alleged crimes committed on December 20, 2013, February 11, 2014, ten on June 19, 2014, November 5, 2014, and November 9, 2014. ECF No. 19 at 8. Again, if Plaintiff wishes to challenge the lawfulness of his pleas, he must challenge the pleas in appropriate actions in the state courts of Washington and, only after his claims are fully exhausted, file a petition for writ of habeas corpus in federal court. *See Preiser v Rodriguez,* 411 U.S. at 487-90.

Plaintiff contends that the State of Washington is obligated to hire and train county staff to help persons with brain injuries. ECF No. 19 at 9. As a result, Plaintiff contends that he has been "forced to endure the worst kind of punishment, mental physical, and sexual anguish, year after year." Plaintiff contends that he has been incarcerated for the greater part of six years since 2011, which he claims is an Eighth Amendment violation, cruel and usual, excessive and humiliating

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS -- 9

punishments.  He claims, "[i]t's been torture to rob a man of life because of medical problems at the same time as using those dysfunctions as punishment and refusing to adequately treat them."  ECF No. 19 at 9.  He wants the federal government to "pay up," and offers to settle for five million dollars.

Again, Plaintiff's accusations fail to state a claim upon which relief may be granted.  A State is not responsible for the mental conditions of its residents which may result in criminal activity and incarceration.  Plaintiff has alleged no facts showing persons identified as Defendants to this action denied him medically necessary treatment in deliberate indifference to his suffering while he was incarcerated.

The Court had cautioned Plaintiff that if he chose to amend and the amended complaint failed to state a claim upon which relief may be granted then the First Amended Complaint would be dismissed.  Plaintiff's allegations are insufficient to state a claim upon which relief may be granted.

Accordingly, **IT IS ORDERED** the First Amended Complaint, ECF No. 19, is **DISMISSED** for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), but without prejudice to seeking appropriate state court remedies regarding challenges to Plaintiff's convictions.  Based on this Court's understanding of *Washington v. Los Angeles Cty. Sheriff's Dep't,* 833 F.3d 1048 (9th Cir. 2016), this dismissal will **NOT** count as a "strike" pursuant to 28 U.S.C. § 1915(g).

ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTIONS -- 10

**IT IS FURTHER ORDERED** that all pending Motions are **DENIED as moot**. To the extent Plaintiff wishes to be relieved of his duty to register as a sex offender, he should pursue those remedies which are available in state court.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, enter judgment, forward a copy to Plaintiff and close the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** February 7, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge
